UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN R. VALCHUIS and ATTILIO VALCHUIS,<br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES and GLOBEGROUND<br>NORTH AMERICA LLC,<br>Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

The defendant, GlobeGround North America LLC ("GlobeGround"), hereby notices the removal of the following described action from the Superior Court of Suffolk County, Commonwealth of Massachusetts ("State Court"), to the United States District Court for the District of Massachusetts ("District Court"), as authorized by 28 U.S.C. § 1441, et seq. GlobeGround respectfully submits the following grounds for removal:

I.

The plaintiffs, Joan R. Valchuis and Attilio Valchuis ("the plaintiffs"), filed suit against GlobeGound on December 9, 2003, in a suit entitled, Joan R. Valchuis and Attilio Valchuis v. Delta Airlines, Inc. and GlobeGround North America LLC, Civil Action No.: SUCV2003-05849-G, in the Superior Court of Suffolk County, Commonwealth of Massachusetts ("State Court action"). A copy of the plaintiffs' Summons and Complaint ("Complaint") is attached hereto as Exhibit A.

II.

GlobeGround was served with a copy of the Complaint and Summons on February 17, 2004. Upon information and belief, Delta Air Lines, Inc. was served with a copy of the

23432.1

Complaint and Summons on February 17, 2004. GlobeGround has not filed an Answer to the Complaint. With the exception of the Complaint and Summons, GlobeGround has not received any other pleadings or orders in the State Court action.

III.

As GlobeGround was served with a copy of the Complaint on February 17, 2004, this Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446 (b).

IV.

The Complaint seeks an unspecified amount of damages from GlobeGround for personal injuries and loss of consortium arising from the alleged negligence of the defendant. The nature of the plaintiffs' allegations are clearly stated in the Complaint, attached hereto as Exhibit A. GlobeGround denies any and all liability on its part for the plaintiffs' claims.

V.

The captioned District Court sits in the district and division embracing the place where the State Court action is pending.

VI.

The District Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiffs are citizens of Massachusetts, residing in the City of Watertown, County of Middlesex, Commonwealth of Massachusetts. GlobeGround is limited liability company organized and existing under the laws of Delaware, with a principal place of business in Great Neck, New York. Upon information and belief, Delta Air Lines, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with a principal

23432.1

place of business in Atlanta, Georgia. The amount in controversy, in the event that the plaintiffs are to prevail on their claims, exceeds $75,000 exclusive of interest and costs.

VII.

Pursuant to 28 U.S.C. § 1332 (a), the District Court has original jurisdiction over all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and which are between citizens of a state and citizens or subjects of a foreign state. Pursuant to 28 U.S.C. § 1332 (c) (1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. Therefore, the District Court has original jurisdiction under 28 U.S.C. 1332, and this action may be removed from the State Court pursuant to 28 U.S.C. § 1441 (a) and (b).

VIII.

A list of all counsel of record is attached hereto as Exhibit B. An index of all matters being filed herewith is attached hereto as Exhibit C.

IX.

GlobeGround appears herein by and through its attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

X.

The defendant, Delta Air Lines, Inc. consents to the removal of the above-captioned action to this court, and communicates such consent directly to the Court by way of the "Consent to Removal," executed by its authorized agent and attached hereto as Exhibit D.

XI.

Promptly after filing this Notice of Removal of the State Court action, GlobeGround will give written notice of such filing to the plaintiffs, and will file a copy of the Notice of Removal

23432.1

with the Clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

WHEREFORE, the defendant, GlobeGround North America LLC, prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, that the District Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said State Court action, and thereupon proceed with this civil action as if it had originally been commenced in the District Court.

SO NOTICED this ___ day of March, 2004.

> Respectfully Submitted,
> GlobeGround North America LLC
> By its attorneys,
>
> _____
> Maynard M. Kirpalani, BBO# 273940
> Helen E. Tsingos, BBO# 629762
> Wilson, Elser, Moskowitz, Edelman &
> Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> (617) 422-5300

23432.1

## CERTIFICATE OF SERVICE

I, Helen E. Tsingos, hereby certify that I have this 8th day of March, 2004, served a copy of the foregoing upon all parties by mailing same postage prepaid to:

Camille F. Saffouf, Esquire
Mark D. Lipton, Esquire
Sarrouf, Tarricone & Flemming
95 Commercial Wharf
Boston, MA  02110


Peter J. Black, Esq.
Meehan Boyle Black & Fitzgerald, P.C.
Two Center Plaza
Boston, MA  02108

Helen E. Tsingos

23432.1