UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN R. VALCHIUS and ATTILIO VALCHUIS,<br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES and GLOBEGROUND<br>NORTH AMERICA LLC,<br>Defendants. | CIVIL ACTION NO.04CV10472RCL |

## ANSWER OF THE DEFENDANT, GLOBEGROUND NORTH AMERICA LLC TO PLAINTIFFS' COMPLAINT

NOW COMES the Defendant, GlobeGround North America LLC ("GlobeGround") hereby responds to the allegations contained in the complaint of the plaintiff, paragraph by paragraph, as follows:

1. GlobeGround is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the complaint.

2. GlobeGround is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the complaint.

3. GlobeGround is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the complaint.

4. GlobeGround admits it is organized and exists under the laws of the State of Delaware, has a resident agent, CT Corporation System located at 101 Federal Street, Boston, Massachusetts, was formerly known as Hudson General LLC, and does business at Logan International Airport. GlobeGround denies it is a corporation.

5. GlobeGround neither admits nor denies the allegations contained in paragraph 5 of the complaint as it asks for a legal conclusion to which no response is required.

### GENERAL ALLEGATIONS

6. GlobeGround is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the complaint.

23800.2

7. GlobeGround admits the allegation in paragraph 7 of the complaint.

8. GlobeGround admits the allegation in paragraph 8 of the complaint.

9. GlobeGround admits the allegation in paragraph 9 of the complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the complaint.

## COUNT I (v. Delta Air Lines, Inc.)
**Personal Injuries Predicated Upon Negligence**

13-18. The allegations Contained in Count I of the plaintiffs' complaint are not directed to GlobeGround and therefore no response is required.

## COUNT II (v. GlobeGround North America LLC)
**Personal Injuries Predicated Upon Negligence**

19. GlobeGround reasserts and incorporates by reference herein the responses to paragraphs 1 through 18 of the plaintiffs' complaint.

20. GlobeGround denies the allegations in paragraph 20 of the complaint.

21. GlobeGround is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the complaint. Further answering, GlobeGround admits it has a duty to use reasonable care in providing sky cap services.

22. GlobeGround denies the allegations in paragraph 22 of the complaint.

23. GlobeGround denies the allegations in paragraph 23 of the complaint.

24. GlobeGround denies the allegations in paragraph 24 of the complaint.

## COUNT III (v. Delta Air Lines, Inc.)
**Loss of Consortium Predicated Upon Negligence**

25-27. The allegations contained in Count III of the plaintiff's complaint are not directed to the defendant, GlobeGround and therefore no response is required.

2

23800.2

## COUNT IV (v. GlobeGround North America LLC)
## Loss of Consortium Predicated Upon Negligence

28. GlobeGround reasserts and incorporates by reference herein the responses to paragraphs 1 through 12 and paragraph 19 through 24 of the plaintiffs' complaint.

29. GlobeGround denies the allegations in paragraph 29 of the complaint.

30. GlobeGround denies the allegations in paragraph 30 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

And further answering, GlobeGround says that if the plaintiff proves that GlobeGround was at fault as alleged, the plaintiff was at fault to a greater degree than GlobeGround, and is barred from recovery.

### SECOND AFFIRMATIVE DEFENSE

And further answering, GlobeGround says that the plaintiff's recovery, if any, must be diminished by the proportion of fault which is applicable to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

And further answering, GlobeGround states that the plaintiffs' complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, to the extent the plaintiff suffered any damage, it was the result of a superseding and/or intervening cause for which GlobeGround is not responsible.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, GlobeGround says that the plaintiffs' injuries, if any, resulted from the negligence of a third party.

23800.2

## JURY DEMAND

GLOBEGROUND NORTH AMERICA LLC HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

        Respectfully Submitted,
        GlobeGround North America LLC
        By its attorneys,

        */s/ Helen E. Tsingos*   3/12/04
        Maynard M. Kirpalani, BBO# 273940
        Helen E. Tsingos, BBO# 629762
        Wilson, Elser, Moskowitz, Edelman & Dicker LLP
        155 Federal Street
        Boston, MA 02110
        (617) 422-5300

23800.2

CERTIFICATE OF SERVICE

I, Helen E. Tsingos, hereby certify that I have this 12th day of March, 2004, served a copy of the Answer of the Defendant, GlobeGround North America LLC to Plaintiffs' Complaint upon the following by mailing same postage prepaid to:

Camille F. Saffouf, Esquire
Mark D. Lipton, Esquire
Sarrouf, Tarricone & Flemming
95 Commercial Wharf
Boston, MA 02110

Peter J. Black, Esq.
Meehan Boyle Black & Fitzgerald, P.C.
Two Center Plaza
Boston, MA 02108

Helen E. Tsingos

23800.2

5