UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOAN R. VALCHUIS and ATTILIO VALCHUIS<br>          Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC. and GLOBEGROUND NORTH AMERICA, LLC<br>          Defendants. | CIVIL ACTION<br>NO:  04CV10472-RCL |

**ANSWER, CROSS CLAIM AGAINST DEFENDANT GLOBEGROUND,
AND REQUEST FOR JURY TRIAL OF DELTA AIR LINES INC.**

The defendant, Delta Air Lines, Inc. (hereinafter "Delta"), by and through its attorneys, MEEHAN, BOYLE, BLACK & FITZGERALD, P.C., hereby answers each numbered paragraph of Plaintiffs' Complaint, expressly reserving its right to seek relief or to rely upon additional defenses by appropriate motion or as of right.

**THE PARTIES**

1. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and calls upon the Plaintiffs to prove the same.

2. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and calls upon the Plaintiffs to prove the same.

3. Delta admits the allegations contained in Paragraph 3.

4. Delta admits the allegations in Paragraph 4.

5. Delta admits that this Court has personal jurisdiction over the parties.

**GENERAL ALLEGATIONS**

6. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and calls upon the Plaintiffs to prove the same.

7. Delta admits that it is an airline engaged in transporting passengers by air to and from Logan Airport but denies that it is a common carrier transporting passengers within Logan International Airport.

8. Delta admits the allegations contained in Paragraph 8.

9. Delta admits the allegations contained in Paragraph 9.

10. Delta admits that on or about March 25, 2003, two persons who represented themselves as being Joan R. Valchuis and Attilio Valchuis were passengers on Delta Flight Number 01533 as alleged.

11. Delta admits that Globeground provided assistance to the Plaintiffs but denies that it specifically arranged for these services on the day in question as compared to having contracted generally with Globeground to provide such assistance.

12. Delta admits the allegations contained in Paragraph 12.

## COUNT I
Joan Valchuis v. Delta–Negligence

13. Delta repeats and incorporates herein by reference its answers to Paragraphs 1 through 12 to Plaintiff's complaint as if expressly restated herein.

14. Delta denies the allegations contained in Paragraph 14.

15. As Paragraph 15 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 15 is deemed allegations of fact, Delta admits that while they are in its custody, passengers are owed a duty of reasonable care.

16. Delta denies the allegations contained in Paragraph 16.

17. Delta denies the allegations contained in Paragraph 17.

18. As Paragraph 18 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 18 is deemed allegations of fact, they are denied.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## COUNT II
Joan Valchuis v. Globeground–negligence

19. Delta repeats and incorporates herein by reference its answers to Paragraphs 1 through 12 to Plaintiff's complaint as if expressly restated herein.

20. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and calls upon the Plaintiffs to prove the same.

21. Delta admits that while Plaintiff was in the custody and care of Globeground, it owed her a duty of reasonable care.

22. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and calls upon the Plaintiffs to prove the same.

23. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and calls upon the Plaintiffs to prove the same.

24. As Paragraph 24 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 24 is deemed allegations of fact, Delta is without knowledge or information sufficient to form a belief as to the truth of the

them and calls upon the Plaintiffs to prove the same.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## COUNT III
## Loss of Consortium–Delta

25. Delta repeats and incorporates herein by reference its answers to Paragraphs 1 through 18 to Plaintiff's complaint as if expressly restated herein.

26. As Paragraph 26 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 26 is deemed allegations of fact, Delta denies the same.

27. As Paragraph 27 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 27 is deemed allegations of fact, Delta denies the same.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## COUNT IV
## Loss of Consortium–Globeground

28. Delta repeats and incorporates herein by reference its answers to Paragraphs 1 through 12 and 19 through 24 to Plaintiff's complaint as if expressly restated herein.

29. As Paragraph 29 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 29 is deemed allegations of fact, Delta is without knowledge or information sufficient to form a belief as to the truth of the

them and calls upon the Plaintiffs to prove the same.

30. As Paragraph 30 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 30 is deemed allegations of fact, Delta is without knowledge or information sufficient to form a belief as to the truth of the them and calls upon the Plaintiffs to prove the same.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## DEFENDANT, DELTA AIR LINES, INC., ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Delta states that the Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against this defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Delta states that the alleged injuries of which the Plaintiffs complain were not caused in whole or contributed to in part by the conduct of one or more persons for whose conduct this defendant was or is legally responsible.

### THIRD AFFIRMATIVE DEFENSE

Delta states that to the extent it had any obligations to the Plaintiffs, such obligations have been fully, completely and properly performed in every respect.

### FOURTH AFFIRMATIVE DEFENSE

Delta states that the conduct, acts and/or omissions of which the Plaintiffs complain were the conduct, acts and/or omissions of another and that this defendant does not have responsibility

for same.

**FIFTH AFFIRMATIVE DEFENSE**

Delta states that if the Plaintiffs prove this defendant was negligent as alleged, which this defendant denies, then the Plaintiffs were more than fifty percent (50%) negligent, and therefore are barred from recovery under the law of comparative negligence.

**SIXTH AFFIRMATIVE DEFENSE**

Delta states that the injuries of which the Plaintiffs complain were proximately caused by the failure of the Plaintiff to use ordinary care under the circumstances.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant states that the Plaintiffs' claims are preempted, governed and/or otherwise limited or controlled by the provisions of the Federal Aviation Act and regulations promulgated thereunder and other federal law.

**EIGHTH AFFIRMATIVE DEFENSE**

Delta hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

**CROSS-CLAIM OF DELTA AGAINST GLOBEGROUND**

**Count I**
Express Contractual Indemnity

1.   Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia.

2. Globeground is a Delaware corporation with its principal place of business in the state of New York. Globeground does business in the Commonwealth of Massachusetts.

3. Jurisdiction of this Court over these non-diverse parties in cross-claim is proper under supplemental jurisdiction.

4. At all times relevant to this Cross-Claim, Globeground had a contract with Delta whereby it agreed, among other things, to supply skycap and wheelchair services to Delta at Logan International Airport, including assistance to disabled and/or elderly passengers of Delta.

5. Pursuant to that contract with Delta, Globeground agreed, among other things, to defend, indemnify and hold harmless Delta from and against any and all claims, losses, liabilities, counsel fees, costs and expenditures incident thereto incurred by or asserted against Delta as a result of personal injuries to any person arising out of any act or omission of Globeground and its employees or agents in the performance or non-performance of services under said contract or in the use or occupancy of any facility or equipment provided by Delta.

6. Plaintiff, Joan Valchuis, alleges, in substance, in her Complaint that she was being provided wheelchair assistance by Globeground at Logan Airport on or about March 25, 2003, and because of Globeground's negligence she was caused to fall from the wheelchair thereby suffering personal injuries.

7. If the plaintiff was injured as alleged in her complaint, said injuries and damages were not the result of the negligence of Delta or its employees who were not providing her with wheelchair assistance and the plaintiff's alleged accident was not caused by any gross negligence or wilful misconduct on the part of Delta.

8. Pursuant to the foregoing contract with Delta, Globeground is liable to defend, indemnify

and hold harmless Delta from and against the claim of the plaintiff as alleged in the First Amended Complaint.

WHEREFORE, Delta demands judgment in its favor and against Globeground for indemnification, including its attorneys' fees and costs of defending this action, the amount of any settlement and/or judgment which may be entered into or against Delta, and Delta's attorneys' fees and costs in prosecuting its Cross-Claim against Globeground.

## Count II
### Implied Indemnity

9. Delta restates and incorporates herein by reference the allegations contained in paragraphs1 through 8 of its Cross-Claim against Globeground.

10. If the plaintiff was injured as alleged, and Delta is found liable to the plaintiff, such liability will have been proximately caused by the negligent acts and/or omissions of Globeground, its agents, servants and/or employees, and not by any negligence or wilful misconduct on the part of Delta.

WHEREFORE, Delta demands judgment in its favor and against Globeground for indemnification, including its attorneys' fees and costs of defending this action, the amount of any settlement and/or judgment which may be entered into by or against Delta, and Delta's attorneys' fees and costs in prosecuting its Cross-Claim against Globeground.

## Count III
### Contribution

11. Delta restates and incorporates herein by reference the allegations contained in paragraphs 1 through 8 of its Cross-Claim against Globeground.

12. If any negligence on the part of Delta proximately caused the injuries and damages alleged by plaintiff, which Delta expressly denies, then the negligence of Globeground in

failing to exercise due care in the provision of wheelchair services to the plaintiff was a concurrent, proximate cause of the same.

WHEREFORE, Delta demands judgment in its favor and against Globeground for contribution, including its attorneys' fees and costs of defending this action, the amount of any judgment which may be entered against Delta, and Delta's attorneys' fees and costs in prosecuting its Cross-Claim against Globeground.

### Count IV
Chapter 93A

13. Delta restates and incorporates herein by reference the allegations contained in paragraphs 1 through 8 of its Cross-Claim against Globeground.

14. Delta has notified Globeground of Plaintiffs' claims and has repeatedly requested that Globeground assume Delta's defense and agree to hold Delta harmless and indemnify it as to the claims of the Plaintiffs in this case. Globeground has refused to do so.

15. Both Delta and Globeground are engage in business as contemplated by M.G.L. c. 93A §11.

16. Globeground's refusal to adhere to the terms of its contract with Delta in this matter is an is both knowing and willful and is an unfair and deceptive practice.

WHEREFORE, Delta demands judgment in its favor and against Globeground under c. 93A §11 in the amount of Delta's actual damages plus a multiple of those damages up to three, but not less than two, times such amount including its attorneys' fees and costs of defending this action from the time of first demand upon Globeground to defend and hold Delta harmless.

## JURY CLAIM

Delta hereby claims a trial by jury as to all matters in this action so triable.

                                        Delta Airlines, Inc.
                                        By its attorneys,

                                       /S/ Peter J. Black
                                        Peter J. Black, BBO No. 044407
                                        MEEHAN, BOYLE BLACK & FITZGERALD, P.C.
                                        Two Center Plaza, Suite 600
                                        Boston, MA  02108-1922
                                        (617) 523-8300

## CERTIFICATE OF SERVICE

    I, Peter J. Black, hereby certify that on April 30, 2004, I gave notice of Delta Airlines, Inc.'s Answer to Plaintiffs' Complaint, Cross-claim Against Globeground North America, LLC and Jury Claim, by mailing an exact copy thereof, postage prepaid to all counsel of record: Camille F. Sarrouf, Esq., Sarrouf Tarricone & Flemming, 95 Commercial Wharf, Boston, MA 02110 and Maynard M. Kirpalani, Esq., Wilson Elser Moskowitz Edelman & Dicker,LLP 5th Floor, 155 Federal, Boston, MA 02110.


                                     /S/ Peter J. Black

                                      Peter J. Black