UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

————————————————————————
JOAN R. VALCHIUS and ATTILIO VALCHUIS,  )
                           Plaintiffs,  )
                                          )
v.  )
                                          )    CIVIL ACTION NO.04CV10472RCL
DELTA AIR LINES and GLOBEGROUND  )
NORTH AMERICA LLC,  )
                        Defendants.  )
————————————————————————)

## ANSWER OF THE DEFENDANT, GLOBEGROUND NORTH AMERICA LLC TO CROSS CLAIM OF DEFENDANT, DELTA AIR LINES, INC.

NOW COMES the Defendant, GlobeGround North America LLC ("GlobeGround") hereby responds to the allegations contained in the crossclaim of defendant, Delta Air Lines, Inc. paragraph by paragraph, as follows:

### Count I
(Express Contractual Indemnity)

1.    GlobeGround admits the allegations contained in paragraph 1 of the crossclaim.

2.    GlobeGround admits the allegations contained in paragraph 2 of the crossclaim.

3.    GlobeGround neither admits nor denies the allegations contained in paragraph 3 of the crossclaim as it asks for a legal conclusion to which no response is required.

4.    GlobeGround admits the allegations contained in paragraph 4 of the crossclaim.

5.    GlobeGround neither admits nor denies the allegations contained in paragraph 5 of the crossclaim as it asks for a legal conclusion to which no response is required.  Further responding, GlobeGround states that the contract between GlobeGround and Delta is a writing which speaks for itself and therefore no response is required.

6.    GlobeGround denies the allegation in paragraph 6 of the crossclaim as written.  Further responding, GlobeGround admits the Plaintiff, by way of her complaint, has alleged that both GlobeGround and Delta arranged and provided for skycap services and that both

GlobeGround and Delta were negligent and that as a result of the negligence of the two defendants, she was caused to fall, thereby suffering personal injuries.

7.    GlobeGround denies the allegation in paragraph 7 of the crossclaim.

8.    GlobeGround denies the allegation in paragraph 8 of the crossclaim.

### Count II
(Implied Indemnity)

9.    GlobeGround restates and incorporates herein by reference the responses to paragraphs 1 through 8 of the Delta's crossclaim.

10.   GlobeGround denies the allegation in paragraph 10 of the crossclaim.

### Count III
(Contribution)

11.   GlobeGround restates and incorporates herein by reference the responses to paragraphs 1 through 10 of Delta's crossclaim.

12.   GlobeGround denies the allegation in paragraph 12 of the crossclaim.

### Count IV
(Chapter 93A)

13.   GlobeGround restates and incorporates herein by reference the responses to paragraphs 1 through 12 of Delta's crossclaim.

14.   GlobeGround admits Delta has requested GlobeGround assume Delta's defense and agree to hold Delta harmless and indemnify it as to the claims of the Plaintiffs in this case. Further answering, GlobeGround admits that in the absence of any evidence to establish that the individual who allegedly transported the Plaintiff was, in fact, a GlobeGround skycap, GlobeGround has denied Delta's request to date.

15.   GlobeGround neither admits nor denies the allegations contained in paragraph 15 of the crossclaim as it asks for a legal conclusion to which no response is required.

16.   GlobeGround denies the allegation in paragraph 16 of the crossclaim.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The cross claim fails to state a claim on behalf of Delta against GlobeGround upon which relief can be granted.

25521.1

## Second Affirmative Defense

The injury and damages complained of by Delta against GlobeGround was caused in part or in whole or in part or were contributed to by the negligence, actions, or failure to act of Delta and such conduct is a bar to Delta's claims for implied indemnity.

## Third Affirmative Defense

The injury and damage complained of by Delta against GlobeGround was caused in whole or in party by the negligence, action, or failure to act of some other person for whose conduct the defendant was not and is not legally responsible.

## Fourth Affirmative Defense

The damages or injuries suffered by the plaintiff were not proximately caused by GlobeGround's action or failure to act.

## Fifth Affirmative Defense

GlobeGround has not violated any specific statutory or regulatory provisions relating to M.G.L. c. 93A. GlobeGround's investigation and response to Delta's claim for a defense and indemnification has been reasonable and objective.

## Jury Claim

GlobeGround hereby claims a trial by jury as to all matters in this action so triable.

Respectfully Submitted,

GlobeGround North America LLC
By its attorneys,


/S/  Helen E. Tsingos
Maynard M. Kirpalani, BBO# 273940
Helen E. Tsingos, BBO# 629762
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300


Dated: June 3, 2004

## CERTIFICATE OF SERVICE

I, Helen E. Tsingos, hereby certify that I have this 3rd day of June, 2004, served a copy of the Answer of the Defendant, GlobeGround North America LLC to Crossclaim of Defendant, Delta Air Lines Inc. upon the following by mailing same postage prepaid to:

Camille F. Saffouf, Esquire
Mark D. Lipton, Esquire
Sarrouf, Tarricone & Flemming
95 Commercial Wharf
Boston, MA  02110

Peter J. Black, Esq.
Meehan Boyle Black & Fitzgerald, P.C.
Two Center Plaza
Boston, MA  02108


/S/ Helen E. Tsingos

Helen E. Tsingos

25521.1