UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOAN R. VALCHIUS and ATTILIO VALCHUIS, )<br>          Plaintiffs,                    )<br>                                         )<br>v.                                           )<br>                                         )<br>DELTA AIR LINES and GLOBEGROUND    )<br>NORTH AMERICA LLC,                      )<br>          Defendants.                  )<br>                                         ) | CIVIL ACTION NO. 04CV10472RCL |

## GLOBEGROUND NORTH AMERICA LLC'S, MOTION TO SEVER
## AND STAY DELTA AIR LINES' BAD FAITH CLAIM

Now comes the defendant, GlobeGround North America LLC ("GlobeGround"), and hereby respectfully requests that this honorable Court sever and stay the M.G.L. c. 93A crossclaim asserted against it by co-defendant, Delta Air Lines ("Delta"), until such time as the Plaintiffs' negligence claims and Delta's breach of contract claims have been resolved.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Joan Valchuis, claims that on March 25, 2003, she and her husband, plaintiff Attilio Valchuis, traveled from West Palm Beach, Florida to Boston, Massachusetts, arriving at Logan International Airport on Delta Air Lines flight No. DL1533.

Plaintiffs claim that after their arrival at Boston, GlobeGround provided skycap services for the plaintiffs, Joan Valchuis and Attilio Valchuis. In their Complaint, Plaintiffs allege that as a result of the negligence of Delta and GlobeGround, Ms. Valchuis fell from a wheelchair causing her to suffer severe personal injuries, including a fracture to her right ankle which required surgery.

Plaintiffs' Complaint is drafted in four counts and is pled as follows:

29565.1

Count I: Joan Valchuis v. Delta Air Lines, Inc. – Negligence;

Count II: Joan Valchuis v. GlobeGround North America LLC – Negligence;

Count III: Attilio Valchuis v. Delta Air Lines, Inc. – Loss of Consortium Predicated upon Negligence; and

Count IV: Attilio Valchuis v. GlobeGround North America LLC – Loss of Consortium Predicated upon Negligence.

With its Answer to the Plaintiffs' Complaint, Delta asserted Crossclaims against GlobeGround North America LLC based on the following legal theories: (1) breach of express contractual indemnity; (2) breach of implied indemnity; (3) contribution; and (4) violation of M.G.L. c. 93A. At present, the Plaintiffs' claims against Delta have been resolved but Delta's Crossclaims remain.

Delta alleges GlobeGround committed multiple violations of 93A, including repeatedly refusing Delta's request that GlobeGround assume Delta's defense and agree to hold harmless and indemnify it as to the claims of the Plaintiff's in this case. Copies of the Plaintiffs' complaint and Delta's Crossclaim are attached hereto as Exhibits A and B respectively.

## II.  ARGUMENT

The Court should exercise its discretion to sever and stay Delta's 93A claim until such time as the Plaintiffs' negligence and loss of consortium claims, and Delta's underlying indemnification claims against GlobeGround have been resolved. This Court has broad discretion to sever and stay Delta's 93A claim. Federal Rule of Civil Procedure 42(b) provides in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial...of any claim, cross-claim, counterclaim, or third-party claim..., or of any separate issue or of

>any number of claims, cross-claims, counterclaims, third-party claims or issues....

"Rule 42 sanctions separate trials in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." See Kisteneff v. Tiernan, 514 F.2d 896, 897 (1st Cir. 1975). See also, Jenkins v. General Accident Fire & Life Assurance Corp., 349 Mass. 699, 710 (1965) ("[W]here the prejudicial effect outweighs the advantages, a judge may sever the cases."); Cambridge Trust Co. v. Commercial Union Ins. Co., 32 Mass. App. Ct. 561, 565 (1992). The decision to separate claims for trial is a matter within the sound discretion of the trial judge. See Gonzalez-Marin v. Equitable Life Assurance Society, 845 F.2d 1140, 1145 (1st Cir. 1988). Such a determination is reversible only for an abuse of discretion. Lisa v. Fournier Marine Corp., 866 F.2d 530, 531 (1st Cir.), cert. denied, 493 U.S. 819 (1989); Kisteneff, 514 F.2d at 897. In addition, Fed. R. Civ. P. 21 states that "[a]ny claim against a party may be severed and proceeded with separately." The foregoing demonstrates the court's broad discretion to sever and stay Delta's 93A claim until such time as the issue of negligence has been resolved.

Delta's 93A claim is appropriate to sever and stay until the issues of any negligence, and any breach of contract violation as alleged by Delta, are determined.

The outcome of a trial as to the Plaintiffs' negligence claims and Delta's indemnity against GlobeGround claims may render the trial of Delta's 93A claims unnecessary. Until such time as the Court determines the negligence and indemnity obligations, the extensive discovery that would be necessary for the parties to investigate the 93A issue is premature, costly, and time-consuming. Based on this, this Court should sever and stay Delta's 93A claim until such time as the negligence and breach of warranty issues have been determined. Doing so serves the directive of Fed. R. Civ. P. 1 that the rules "shall be construed and administered to secure the just, speedy and inexpensive determination of every action."

29565.1

Moreover, allowing the 93A claim to proceed simultaneously with the negligence and indemnity claims unnecessary prejudices GlobeGround, and in GlobeGround's view, both Delta and the Plaintiffs. In order to defend Delta's 93A claim alleging GlobeGround acted in bad faith in not agreeing to Delta's requests for a defense and indemnification when said requests were made, GlobeGround will necessarily require access to Delta's claim file, and in prosecuting the 93A claim, Delta will undoubtedly request of GlobeGround seeking information from its claim file and/or information from individuals involved in making claims handling decisions.

Material that might well be discoverable in a G.L. c. 93A case is clearly protected from discovery in the negligence case and indemnity claims on the grounds that it is privileged work product and constitutes work product prepared in anticipation of litigation. Allowing the claims to proceed together is likely to lead to multiple discovery battles. In this regard, GlobeGround notes that current counsel for GlobeGround and Delta in this matter have corresponded and communicated relative to Delta's request for a defense and indemnification and the timing, nature and substance of those communications are arguably discoverable in the context of a 93A claim. Accordingly, the parties' current counsel, and the individuals party reporesentatives to whom they report, would arguably be relevant witnesses in the trial of the 93A claim. Consequently, severing and staying the claim is the only way to protect all parties' interests and minimize discovery disputes.

The practical approach is to stay the 93A claim until the negligence and indemnification claims are completed so that the parties can conduct appropriate discovery in the negligence and indemnification claims and work toward resolution of those claim. Once the negligence and indemnification claims are resolved, the 93A claim could proceed, if necessary, and Delta would conduct whatever discovery is appropriate on that claim. Any other result would "put the cart before the horse" and thus be inappropriate.

### III. CONCLUSION

For the reasons explained above, GlobeGround respectfully asks this Court to sever and stay Delta's 93A claim until such time as the negligence and indemnification claims have been resolved because doing so will result in the most efficient, cost-effective use of the parties' and this Court's limited resources, will ensure the most expeditious means of disposing of this action, and will secure the most just, speedy and inexpensive determination of all of the parties' claims.

Respectfully Submitted,
GlobeGround North America LLC
By its attorneys,

*/s/ Helen E. Tsingos*
Maynard M. Kirpalani, BBO# 273940
Helen E. Tsingos, BBO# 629762
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: 12/29/04

## CERTIFICATE OF SERVICE

I, Helen E. Tsingos, hereby certify that I served a copy of the foregoing *GLOBEGROUND NORTH AMERICA LLC'S, MOTION TO SEVER AND STAY DELTA'S BAD FAITH CLAIM* upon all parties by forwarding a copy of the same on December 29, 2004 to:

Camille F. Sarrouf, Esquire
Mark D. Lipton, Esquire
Sarrouf, Tarricone & Flemming
95 Commercial Wharf
Boston, MA  02110


Peter J. Black, Esq.
Meehan Boyle Black & Fitzgerald, P.C.
Two Center Plaza
Boston, MA  02108

_____
Helen E. Tsingos

- 6 -

29565.1