COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS:                                              CIVIL ACTION
                                                          NO.

                                                          03-5849

JOAN R. VALCHUIS and ATTILIO
VALCHUIS,
    Plaintiffs,

                                                          **COMPLAINT
v                                                         AND JURY DEMAND**

DELTA AIR LINES, INC. and
GLOBEGROUND NORTH AMERICA
LLC,
    Defendants.

## THE PARTIES

1. The plaintiff, Joan R. Valchuis, is a citizen of the Commonwealth of Massachusetts residing in the City of Watertown, County of Middlesex.

2. The plaintiff, Attilio Valchuis, is a citizen of the Commonwealth of Massachusetts residing in the City of Watertown, County of Middlesex.

3. The defendant, Delta Air Lines, Inc. ("Delta"), is a corporation duly organized and existing under the laws of the State of Delaware, with a resident agent, Corporate Service Company, located at 84 State Street, Boston, County of Suffolk, and doing business at Logan International Airport, County of Suffolk.

4. The defendant, Globeground North America LLC ("Globeground"), formerly known as Hudson General LLC, is a corporation duly organized and existing under the laws of the State of Delaware, with a resident agent, CT Corporation System, located at 101 Federal Street, Boston, County of Suffolk, and doing business at Logan International Airport, County of Suffolk.

5. Personal jurisdiction over the defendants exists pursuant to G.L. c. 223A.

## GENERAL ALLEGATIONS

6. At all relevant times, the plaintiff, Attilio Valchuis, was and is the husband of the plaintiff, Joan R. Valchuis.

SARROUF, TARRICONE
& FLEMMING, P.C.
95 COMMERCIAL WHARF
BOSTON, MASS. 02110
(617) 227-5800

7. At all relevant times, the defendant, Delta, was a common carrier, transporting passengers to, from and within Logan International Airport.

8. At all relevant times, the defendant, Delta, obtained skycap services for its passengers at Logan International Airport from the defendant, Globeground.

9. At all relevant times, the defendant, Globeground, provided skycap services, including, but not limited to, wheel chair assistance, to Delta and its passengers at Logan International Airport.

10. On March 25, 2003, the plaintiffs, Joan R. Valchuis and Attilio Valchuis, were passengers on Delta, flight #DL1533, traveling from West Palm Beach, Florida to Boston, Massachusetts, and arriving at Logan International Airport.

11. On March 25, 2003, the defendant, Delta, arranged for the defendant, Globeground, to provide skycap services for the plaintiffs, Joan V. Valchuis and Attilio Valchuis.

12. On March 25, 2003, the defendant, Globeground, provided skycap services for the plaintiffs, Joan V. Valchuis and Attilio Valchuis.

## COUNT I

Claim of the plaintiff, Joan R. Valchuis, against the defendant, Delta Air Lines, Inc., for
**PERSONAL INJURIES PREDICATED UPON NEGLIGENCE.**

13. The plaintiff, Joan R. Valchuis, repeats, realleges and incorporates fully herein paragraphs 1 through 12.

14. On March 25, 2003, the defendant, Delta, by and through its agents, servants, and employees, was negligent and careless in providing skycap services for the plaintiff, Joan R. Valchuis.

15. At all relevant times, the defendant, Delta, had a duty to exercise reasonable care for the safety of its passenger, the plaintiff, Joan R. Valchuis.

16. On March 25, 2003, the defendant, Delta, by and through its agents, servants, and employees, breached its duty by failing to exercise reasonable care for the safety of the plaintiff, Joan R. Valchuis.

17. As a direct and proximate result of the negligence and carelessness of the defendant, Delta, by and through its agents, servants, and employees, the plaintiff, Joan R. Valchuis, fell from a wheel chair, causing her to sustain severe personal injuries, suffer great pain of body and anguish of mind, become unable to perform her usual occupation and duties, and incur medical and other expenses.

SARROUF, TARRICONE
& FLEMMING, P.C.
95 COMMERCIAL WHARF
BOSTON, MASS. 02110
(617) 227-5800

18. As a result of the foregoing, the plaintiff, Joan R. Valchuis, is entitled to recover damages from the defendant, Delta, in an amount that is just and appropriate to compensate her for all of her losses together with interest and costs.

WHEREFORE, the plaintiff, Joan R. Valchuis, demands judgment against the defendant, Delta Air Lines, Inc., in an amount that is just and appropriate to compensate her for all of her losses together with interest and costs.

## COUNT II

Claim of the plaintiff, Joan R. Valchuis, against the defendant, Globeground North America LLC, for **PERSONAL INJURIES PREDICATED UPON NEGLIGENCE.**

19. The plaintiff, Joan R. Valchuis, repeats, realleges and incorporates fully herein paragraphs 1 through 12.

20. On March 25, 2003, the defendant, Globeground, was negligent and careless in providing skycap services for the plaintiff, Joan R. Valchuis.

21. At all relevant times, the defendant, Globeground, had a duty to exercise reasonable care for the safety of the plaintiff, Joan R. Valchuis.

22. On March 25, 2003, the defendant, Globeground, breached its duty by failing to exercise reasonable care for the safety of the plaintiff, Joan R. Valchuis.

23. As a direct and proximate result of the negligence and carelessness of the defendant, Globeground, the plaintiff, Joan R. Valchuis, fell from a wheel chair, causing her to sustain severe personal injuries, suffer great pain of body and anguish of mind, become unable to perform her usual occupation and duties, and incur medical and other expenses.

24. As a result of the foregoing, the plaintiff, Joan R. Valchuis, is entitled to recover damages from the defendant, Globeground, in an amount that is just and appropriate to compensate her for all of her losses together with interest and costs.

WHEREFORE, the plaintiff, Joan R. Valchuis, demands judgment against the defendant, Globeground North America LLC, in an amount that is just and appropriate to compensate her for all of her losses together with interest and costs.

## COUNT III

Claim of the plaintiff, Attilio Valchuis, against the defendant, Delta Air Lines, Inc., for **LOSS OF CONSORTIUM PREDICATED UPON NEGLIGENCE.**

25. The plaintiff, Attilio Valchuis, repeats, realleges and incorporates fully herein paragraphs 1 through 18.

SARROUF, TARRICONE
& FLEMMING, P.C.
95 COMMERCIAL WHARF
BOSTON, MASS. 02110
(617) 227-5800

26. As a direct and proximate result of the negligence and carelessness of the defendant, Delta Air Lines, Inc., the plaintiff, Attilio Valchuis, was deprived of his wife's full care, comfort, society, companionship and consortium.

27. As a result of the foregoing, the plaintiff, Attilio Valchuis, is entitled to recover damages from the defendant, Delta Air Lines, Inc., in an amount that fully compensates him for the loss of his wife's full care, comfort, society, companionship and consortium, plus interest and costs.

WHEREFORE, plaintiff, Attilio Valchuis, is entitled to recover damages against the defendant, Delta Air Lines, Inc., in an amount that fully compensates him for the loss of his wife's full care, comfort, society, companionship and consortium, plus interest and costs.

## COUNT IV

Claim of the plaintiff, Attilio Valchuis, against the defendant, Globeground North America LLC, for **LOSS OF CONSORTIUM PREDICATED UPON NEGLIGENCE.**

28. The plaintiff, Attilio Valchuis, repeats, realleges and incorporates fully herein paragraphs 1 through 12 and 19 through 24.

29. As a direct and proximate result of the negligence and carelessness of the defendant, Globeground North America LLC, the plaintiff, Attilio Valchuis, was deprived of his wife's full care, comfort, society, companionship and consortium.

30. As a result of the foregoing, the plaintiff, Attilio Valchuis, is entitled to recover damages from the defendant, Globeground North America LLC, in an amount that fully compensates him for the loss of his wife's full care, comfort, society, companionship and consortium, plus interest and costs.

WHEREFORE, plaintiff, Attilio Valchuis, is entitled to recover damages against the defendant, Globeground North America LLC, in an amount that fully compensates him for the loss of his wife's full care, comfort, society, companionship and consortium, plus interest and costs.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

*[signature]*

Camille F. Sarrouf, BBO # 442440
Mark D. Lipton, BBO # 652968
SARROUF, TARRICONE & FLEMMING
95 COMMERCIAL WHARF
BOSTON, MA 02110
TEL. (617) 227-5800

DATED: December 9, 2003