UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 10  A 10: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

JOAN R. VALCHIUS and ATTILIO VALCHUIS, )
          Plaintiffs, )
           )
           )
v.            )
           )   CIVIL ACTION NO. 04CV10472RCL
DELTA AIR LINES and GLOBEGROUND )
NORTH AMERICA LLC, )
          Defendants. )

## GLOBEGROUND NORTH AMERICA LLC'S, MOTION TO SEVER AND STAY DELTA AIR LINES' BAD FAITH CLAIM

Now comes the defendant, GlobeGround North America LLC ("GlobeGround"), and hereby respectfully requests that this honorable Court sever and stay the M.G.L. c. 93A crossclaim asserted against it by co-defendant, Delta Air Lines ("Delta"), until such time as the Plaintiffs' negligence claims and Delta's breach of contract claims have been resolved.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Joan Valchuis, claims that on March 25, 2003, she and her husband, plaintiff Attilio Valchuis, traveled from West Palm Beach, Florida to Boston, Massachusetts, arriving at Logan International Airport on Delta Air Lines flight No. DL1533.

Plaintiffs claim that after their arrival at Boston, GlobeGround provided skycap services for the plaintiffs, Joan Valchuis and Attilio Valchuis.   In their Complaint, Plaintiffs allege that as a result of the negligence of Delta and GlobeGround, Ms. Valchuis fell from a wheelchair causing her to suffer severe personal injuries, including a fracture to her right ankle which required surgery.

Plaintiffs' Complaint is drafted in four counts and is pled as follows:

29565.1

Count I:      Joan Valchuis v. Delta Air Lines, Inc. – Negligence;

Count II:     Joan Valchuis v. GlobeGround North America LLC – Negligence;

Count III:    Attilio Valchuis v. Delta Air Lines, Inc. – Loss of Consortium Predicated upon Negligence; and

Count IV:    Attilio Valchuis v. GlobeGround North America LLC – Loss of Consortium Predicated upon Negligence.

With its Answer to the Plaintiffs' Complaint, Delta asserted Crossclaims against GlobeGround North America LLC based on the following legal theories: (1) breach of express contractual indemnity; (2) breach of implied indemnity; (3) contribution; and (4) violation of M.G.L. c. 93A. At present, the Plaintiffs' claims against Delta have been resolved but Delta's Crossclaims remain.

Delta alleges GlobeGround committed multiple violations of 93A, including repeatedly refusing Delta's request that GlobeGround assume Delta's defense and agree to hold harmless and indemnify it as to the claims of the Plaintiff's in this case.   Copies of the Plaintiffs' complaint and Delta's Crossclaim are attached hereto as Exhibits A and B respectively.

## II.    ARGUMENT

The Court should exercise its discretion to sever and stay Delta's 93A claim until such time as the Plaintiffs' negligence and loss of consortium claims, and Delta's underlying indemnification claims against GlobeGround have been resolved. This Court has broad discretion to sever and stay Delta's 93A claim. Federal Rule of Civil Procedure 42(b) provides in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial...of any claim, cross-claim, counterclaim, or third-party claim..., or of any separate issue or of

29565.1

> any number of claims, cross-claims, counterclaims, third-party claims or issues....

"Rule 42 sanctions separate trials in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." See Kisteneff v. Tiernan, 514 F.2d 896, 897 (1st Cir. 1975). See also, Jenkins v. General Accident Fire & Life Assurance Corp., 349 Mass. 699, 710 (1965) ("[W]here the prejudicial effect outweighs the advantages, a judge may sever the cases."); Cambridge Trust Co. v. Commercial Union Ins. Co., 32 Mass. App. Ct. 561, 565 (1992). The decision to separate claims for trial is a matter within the sound discretion of the trial judge. See Gonzalez-Marin v. Equitable Life Assurance Society, 845 F.2d 1140, 1145 (1st Cir. 1988). Such a determination is reversible only for an abuse of discretion. Lisa v. Fournier Marine Corp., 866 F.2d 530, 531 (1st Cir.), cert. denied, 493 U.S. 819 (1989); Kisteneff, 514 F.2d at 897. In addition, Fed. R. Civ. P. 21 states that "[a]ny claim against a party may be severed and proceeded with separately." The foregoing demonstrates the court's broad discretion to sever and stay Delta's 93A claim until such time as the issue of negligence has been resolved.

Delta's 93A claim is appropriate to sever and stay until the issues of any negligence, and any breach of contract violation as alleged by Delta, are determined.

The outcome of a trial as to the Plaintiffs' negligence claims and Delta's indemnity against GlobeGround claims may render the trial of Delta's 93A claims unnecessary. Until such time as the Court determines the negligence and indemnity obligations, the extensive discovery that would be necessary for the parties to investigate the 93A issue is premature, costly, and time-consuming. Based on this, this Court should sever and stay Delta's 93A claim until such time as the negligence and breach of warranty issues have been determined. Doing so serves the directive of Fed. R. Civ. P. 1 that the rules "shall be construed and administered to secure the just, speedy and inexpensive determination of every action."

- 3 -

Moreover, allowing the 93A claim to proceed simultaneously with the negligence and indemnity claims unnecessary prejudices GlobeGround, and in GlobeGround's view, both Delta and the Plaintiffs. In order to defend Delta's 93A claim alleging GlobeGround acted in bad faith in not agreeing to Delta's requests for a defense and indemnification when said requests were made, GlobeGround will necessarily require access to Delta's claim file, and in prosecuting the 93A claim, Delta will undoubtedly request of GlobeGround seeking information from its claim file and/or information from individuals involved in making claims handling decisions.

Material that might well be discoverable in a G.L. c. 93A case is clearly protected from discovery in the negligence case and indemnity claims on the grounds that it is privileged work product and constitutes work product prepared in anticipation of litigation. Allowing the claims to proceed together is likely to lead to multiple discovery battles. In this regard, GlobeGround notes that current counsel for GlobeGround and Delta in this matter have corresponded and communicated relative to Delta's request for a defense and indemnification and the timing, nature and substance of those communications are arguably discoverable in the context of a 93A claim. Accordingly, the parties' current counsel, and the individuals party representatives to whom they report, would arguably be relevant witnesses in the trial of the 93A claim. Consequently, severing and staying the claim is the only way to protect all parties' interests and minimize discovery disputes.

The practical approach is to stay the 93A claim until the negligence and indemnification claims are completed so that the parties can conduct appropriate discovery in the negligence and indemnification claims and work toward resolution of those claim. Once the negligence and indemnification claims are resolved, the 93A claim could proceed, if necessary, and Delta would conduct whatever discovery is appropriate on that claim. Any other result would "put the cart before the horse" and thus be inappropriate.

- 4 -

## III.   **CONCLUSION**

For the reasons explained above, GlobeGround respectfully asks this Court to sever and stay Delta's 93A claim until such time as the negligence and indemnification claims have been resolved because doing so will result in the most efficient, cost-effective use of the parties' and this Court's limited resources, will ensure the most expeditious means of disposing of this action, and will secure the most just, speedy and inexpensive determination of all of the parties' claims.

> Respectfully Submitted,
> GlobeGround North America LLC
> By its attorneys,
>
> _____
> Maynard M. Kirpalani, BBO# 273940
> Helen E. Tsingos, BBO# 629762
> Wilson, Elser, Moskowitz, Edelman &
> Dicker LLP
> 155 Federal Street
> Boston, MA 02110
> (617) 422-5300

Dated: 2/10/05

- 5 -

## CERTIFICATE OF SERVICE

I, Helen E. Tsingos, hereby certify that I served a copy of the foregoing *GLOBEGROUND NORTH AMERICA LLC'S, MOTION TO SEVER AND STAY DELTA'S BAD FAITH CLAIM* upon all parties by forwarding a copy of the same on February 9, 2005 to:

Camille F. Sarrouf, Esquire
Mark D. Lipton, Esquire
Sarrouf, Tarricone & Flemming
95 Commercial Wharf
Boston, MA  02110


Peter J. Black, Esq.
Meehan Boyle Black & Fitzgerald, P.C.
Two Center Plaza
Boston, MA  02108


Helen E. Tsingos

- 6 -

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS:

CIVIL ACTION
NO.

03 - 5840

JOAN R. VALCHUIS and ATTILIO
VALCHUIS,
     Plaintiffs,

v.

**COMPLAINT
AND JURY DEMAND**

DELTA AIR LINES, INC. and
GLOBEGROUND NORTH AMERICA
LLC,
     Defendants.

## THE PARTIES

1.    The plaintiff, Joan R. Valchuis, is a citizen of the Commonwealth of Massachusetts residing in the City of Watertown, County of Middlesex.

2.    The plaintiff, Attilio Valchuis, is a citizen of the Commonwealth of Massachusetts residing in the City of Watertown, County of Middlesex.

3.    The defendant, Delta Air Lines, Inc. ("Delta"), is a corporation duly organized and existing under the laws of the State of Delaware, with a resident agent, Corporate Service Company, located at 84 State Street, Boston, County of Suffolk, and doing business at Logan International Airport, County of Suffolk.

4.    The defendant, Globeground North America LLC ("Globeground"), formerly known as Hudson General LLC, is a corporation duly organized and existing under the laws of the State of Delaware, with a resident agent, CT Corporation System, located at 101 Federal Street, Boston, County of Suffolk, and doing business at Logan International Airport, County of Suffolk.

5.    Personal jurisdiction over the defendants exists pursuant to G.L. c. 223A.

## GENERAL ALLEGATIONS

6.    At all relevant times, the plaintiff, Attilio Valchuis, was and is the husband of the plaintiff, Joan R. Valchuis.

ARROUF, TARRICONE
& FLEMMING, P.C.
5 COMMERCIAL WHARF
BOSTON, MASS. 02110
(617) 227-8800

7. At all relevant times, the defendant, Delta, was a common carrier, transporting passengers to, from and within Logan International Airport.

8. At all relevant times, the defendant, Delta, obtained skycap services for its passengers at Logan International Airport from the defendant, Globeground.

9. At all relevant times, the defendant, Globeground, provided skycap services, including, but not limited to, wheel chair assistance, to Delta and its passengers at Logan International Airport.

10. On March 25, 2003, the plaintiffs, Joan R. Valchuis and Attilio Valchuis, were passengers on Delta, flight #DL1533, traveling from West Palm Beach, Florida to Boston, Massachusetts, and arriving at Logan International Airport.

11. On March 25, 2003, the defendant, Delta, arranged for the defendant, Globeground, to provide skycap services for the plaintiffs, Joan V. Valchuis and Attilio Valchuis.

12. On March 25, 2003, the defendant, Globeground, provided skycap services for the plaintiffs, Joan V. Valchuis and Attilio Valchuis.

## COUNT I

Claim of the plaintiff, Joan R. Valchuis, against the defendant, Delta Air Lines, Inc., for **PERSONAL INJURIES PREDICATED UPON NEGLIGENCE.**

13. The plaintiff, Joan R. Valchuis, repeats, realleges and incorporates fully herein paragraphs 1 through 12.

14. On March 25, 2003, the defendant, Delta, by and through its agents, servants, and employees, was negligent and careless in providing skycap services for the plaintiff, Joan R. Valchuis.

15. At all relevant times, the defendant, Delta, had a duty to exercise reasonable care for the safety of its passenger, the plaintiff, Joan R. Valchuis.

16. On March 25, 2003, the defendant, Delta, by and through its agents, servants, and employees, breached its duty by failing to exercise reasonable care for the safety of the plaintiff, Joan R. Valchuis.

17. As a direct and proximate result of the negligence and carelessness of the defendant, Delta, by and through its agents, servants, and employees, the plaintiff, Joan R. Valchuis, fell from a wheel chair, causing her to sustain severe personal injuries, suffer great pain of body and anguish of mind, become unable to perform her usual occupation and duties, and incur medical and other expenses.

2

18.  As a result of the foregoing, the plaintiff, Joan R. Valchuis, is entitled to recover damages from the defendant, Delta, in an amount that is just and appropriate to compensate her for all of her losses together with interest and costs.

WHEREFORE, the plaintiff, Joan R. Valchuis, demands judgment against the defendant, Delta Air Lines, Inc., in an amount that is just and appropriate to compensate her for all of her losses together with interest and costs.

## COUNT II

Claim of the plaintiff, Joan R. Valchuis, against the defendant, Globeground North America LLC, for **PERSONAL INJURIES PREDICATED UPON NEGLIGENCE.**

19.  The plaintiff, Joan R. Valchuis, repeats, realleges and incorporates fully herein paragraphs 1 through 12.

20.  On March 25, 2003, the defendant, Globeground, was negligent and careless in providing skycap services for the plaintiff, Joan R. Valchuis.

21.  At all relevant times, the defendant, Globeground, had a duty to exercise reasonable care for the safety of the plaintiff, Joan R. Valchuis.

22.  On March 25, 2003, the defendant, Globeground, breached its duty by failing to exercise reasonable care for the safety of the plaintiff, Joan R. Valchuis.

23.  As a direct and proximate result of the negligence and carelessness of the defendant, Globeground, the plaintiff, Joan R. Valchuis, fell from a wheel chair, causing her to sustain severe personal injuries, suffer great pain of body and anguish of mind, become unable to perform her usual occupation and duties, and incur medical and other expenses.

24.  As a result of the foregoing, the plaintiff, Joan R. Valchuis, is entitled to recover damages from the defendant, Globeground, in an amount that is just and appropriate to compensate her for all of her losses together with interest and costs.

WHEREFORE, the plaintiff, Joan R. Valchuis, demands judgment against the defendant, Globeground North America LLC, in an amount that is just and appropriate to compensate her for all of her losses together with interest and costs.

## COUNT III

Claim of the plaintiff, Attilio Valchuis, against the defendant, Delta Air Lines, Inc., for **LOSS OF CONSORTIUM PREDICATED UPON NEGLIGENCE.**

25.  The plaintiff, Attilio Valchuis, repeats, realleges and incorporates fully herein paragraphs 1 through 18.

26.   As a direct and proximate result of the negligence and carelessness of the defendant, Delta Air Lines, Inc., the plaintiff, Attilio Valchuis, was deprived of his wife's full care, comfort, society, companionship and consortium.

27.   As a result of the foregoing, the plaintiff, Attilio Valchuis, is entitled to recover damages from the defendant, Delta Air Lines, Inc., in an amount that fully compensates him for the loss of his wife's full care, comfort, society, companionship and consortium, plus interest and costs.

WHEREFORE, plaintiff, Attilio Valchuis, is entitled to recover damages against the defendant, Delta Air Lines, Inc., in an amount that fully compensates him for the loss of his wife's full care, comfort, society, companionship and consortium, plus interest and costs.

## COUNT IV

Claim of the plaintiff, Attilio Valchuis, against the defendant, Globeground North America LLC, for **LOSS OF CONSORTIUM PREDICATED UPON NEGLIGENCE.**

28.   The plaintiff, Attilio Valchuis, repeats, realleges and incorporates fully herein paragraphs 1 through 12 and 19 through 24.

29.   As a direct and proximate result of the negligence and carelessness of the defendant, Globeground North America LLC, the plaintiff, Attilio Valchuis, was deprived of his wife's full care, comfort, society, companionship and consortium.

30.   As a result of the foregoing, the plaintiff, Attilio Valchuis, is entitled to recover damages from the defendant, Globeground North America LLC, in an amount that fully compensates him for the loss of his wife's full care, comfort, society, companionship and consortium, plus interest and costs.

WHEREFORE, plaintiff, Attilio Valchuis, is entitled to recover damages against the defendant, Globeground North America LLC, in an amount that fully compensates him for the loss of his wife's full care, comfort, society, companionship and consortium, plus interest and costs.

## THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,

Camille F. Sarrouf, BBO # 442440
Mark D. Lipton, BBO # 652968
SARROUF, TARRICONE & FLEMMING
95 COMMERCIAL WHARF
BOSTON, MA 02110
TEL. (617) 227-5800

DATED: December 9, 2003

SARROUF, TARRICONE
& FLEMMING, P.C.
95 COMMERCIAL WHARF
BOSTON, MASS. 02110
(617) 227-5800

4

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

JOAN R. VALCHUIS and ATTILIO
VALCHUIS

Plaintiffs,

v.

DELTA AIR LINES, INC. and
GLOBEGROUND NORTH AMERICA, LLC
Defendants.

CIVIL ACTION
NO: 04CV10472-RCL

## ANSWER, CROSS CLAIM AGAINST DEFENDANT GLOBEGROUND, AND REQUEST FOR JURY TRIAL OF DELTA AIR LINES INC.

_____The defendant, Delta Air Lines, Inc. (hereinafter "Delta"), by and through its attorneys, MEEHAN, BOYLE, BLACK & FITZGERALD, P.C., hereby answers each numbered paragraph of Plaintiffs' Complaint, expressly reserving its right to seek relief or to rely upon additional defenses by appropriate motion or as of right.

### THE PARTIES

1.    Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and calls upon the Plaintiffs to prove the same.

2.    Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and calls upon the Plaintiffs to prove the same.

3.    Delta admits the allegations contained in Paragraph 3.

4.    Delta admits the allegations in Paragraph 4.

5.    Delta admits that this Court has personal jurisdiction over the parties.

### GENERAL ALLEGATIONS

6.  Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and calls upon the Plaintiffs to prove the same.

7.  Delta admits that it is an airline engaged in transporting passengers by air to and from Logan Airport but denies that it is a common carrier transporting passengers within Logan International Airport.

8.  Delta admits the allegations contained in Paragraph 8.

9.  Delta admits the allegations contained in Paragraph 9.

10. Delta admits that on or about March 25, 2003, two persons who represented themselves as being Joan R. Valchuis and Attilio Valchuis were passengers on Delta Flight Number 01533 as alleged.

11. Delta admits that Globeground provided assistance to the Plaintiffs but denies that it specifically arranged for these services on the day in question as compared to having contracted generally with Globeground to provide such assistance.

12. Delta admits the allegations contained in Paragraph 12.

## COUNT I
### Joan Valchuis v. Delta–Negligence

13. Delta repeats and incorporates herein by reference its answers to Paragraphs 1 through 12 to Plaintiff's complaint as if expressly restated herein.

14. Delta denies the allegations contained in Paragraph 14.

15. As Paragraph 15 is a purported statement of law and not allegations of fact, no response is required from this Defendant.  If, however, Paragraph 15 is deemed allegations of fact, Delta admits that while they are in its custody, passengers are owed a duty of reasonable care.

16. Delta denies the allegations contained in Paragraph 16.

17. Delta denies the allegations contained in Paragraph 17.

18. As Paragraph 18 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 18 is deemed allegations of fact, they are denied.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## COUNT II
### Joan Valchuis v. Globeground—negligence

19. Delta repeats and incorporates herein by reference its answers to Paragraphs 1 through 12 to Plaintiff's complaint as if expressly restated herein.

20. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and calls upon the Plaintiffs to prove the same.

21. Delta admits that while Plaintiff was in the custody and care of Globeground, it owed her a duty of reasonable care.

22. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and calls upon the Plaintiffs to prove the same.

23. Delta is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and calls upon the Plaintiffs to prove the same.

24. As Paragraph 24 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 24 is deemed allegations of fact, Delta is without knowledge or information sufficient to form a belief as to the truth of the

them and calls upon the Plaintiffs to prove the same.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## COUNT III
Loss of Consortium–Delta

25. Delta repeats and incorporates herein by reference its answers to Paragraphs 1 through 18 to Plaintiff's complaint as if expressly restated herein.

26. As Paragraph 26 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 26 is deemed allegations of fact, Delta denies the same.

27. As Paragraph 27 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 27 is deemed allegations of fact, Delta denies the same.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## COUNT IV
Loss of Consortium–Globeground

28. Delta repeats and incorporates herein by reference its answers to Paragraphs 1 through 12 and 19 through 24 to Plaintiff's complaint as if expressly restated herein.

29. As Paragraph 29 is a purported statement of law and not allegations of fact, no response is required from this Defendant. If, however, Paragraph 29 is deemed allegations of fact, Delta is without knowledge or information sufficient to form a belief as to the truth of the

them and calls upon the Plaintiffs to prove the same.

30.     As Paragraph 30 is a purported statement of law and not allegations of fact, no response is required from this Defendant.  If, however, Paragraph 30 is deemed allegations of fact, Delta is without knowledge or information sufficient to form a belief as to the truth of the them and calls upon the Plaintiffs to prove the same.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## DEFENDANT, DELTA AIR LINES, INC., ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Delta states that the Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against this defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Delta states that the alleged injuries of which the Plaintiffs complain were not caused in whole or contributed to in part by the conduct of one or more persons for whose conduct this defendant was or is legally responsible.

### THIRD AFFIRMATIVE DEFENSE

Delta states that to the extent it had any obligations to the Plaintiffs, such obligations have been fully, completely and properly performed in every respect.

### FOURTH AFFIRMATIVE DEFENSE

Delta states that the conduct, acts and/or omissions of which the Plaintiffs complain were the conduct, acts and/or omissions of another and that this defendant does not have responsibility

for same.

## FIFTH AFFIRMATIVE DEFENSE

Delta states that if the Plaintiffs prove this defendant was negligent as alleged, which this defendant denies, then the Plaintiffs were more than fifty percent (50%) negligent, and therefore are barred from recovery under the law of comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE

Delta states that the injuries of which the Plaintiffs complain were proximately caused by the failure of the Plaintiff to use ordinary care under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant states that the Plaintiffs' claims are preempted, governed and/or otherwise limited or controlled by the provisions of the Federal Aviation Act and regulations promulgated thereunder and other federal law.

## EIGHTH AFFIRMATIVE DEFENSE

Delta hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion.

WHEREFORE, Defendant Delta Air Lines, Inc. demands that judgment be entered in its favor dismissing the Complaint as to Delta and that it be awarded its costs of defending this action, including reasonable attorneys' fees.

## CROSS-CLAIM OF DELTA AGAINST GLOBEGROUND

### Count I
Express Contractual Indemnity

1.    Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia.

2.  Globeground is a Delaware corporation with its principal place of business in the state of New York. Globeground does business in the Commonwealth of Massachusetts.

3.  Jurisdiction of this Court over these non-diverse parties in cross-claim is proper under supplemental jurisdiction.

4.  At all times relevant to this Cross-Claim, Globeground had a contract with Delta whereby it agreed, among other things, to supply skycap and wheelchair services to Delta at Logan International Airport, including assistance to disabled and/or elderly passengers of Delta.

5.  Pursuant to that contract with Delta, Globeground agreed, among other things, to defend, indemnify and hold harmless Delta from and against any and all claims, losses, liabilities, counsel fees, costs and expenditures incident thereto incurred by or asserted against Delta as a result of personal injuries to any person arising out of any act or omission of Globeground and its employees or agents in the performance or non-performance of services under said contract or in the use or occupancy of any facility or equipment provided by Delta.

6.  Plaintiff, Joan Valchuis, alleges , in substance, in her Complaint that she was being provided wheelchair assistance by Globeground at Logan Airport on or about March 25, 2003, and because of Globeground's negligence she was caused to fall from the wheelchair thereby suffering personal injuries.

7.  If the plaintiff was injured as alleged in her complaint, said injuries and damages were not the result of the negligence of Delta or its employees who were not providing her with wheelchair assistance and the plaintiff's alleged accident was not caused by any gross negligence or wilful misconduct on the part of Delta.

8.  Pursuant to the foregoing contract with Delta, Globeground is liable to defend, indemnify

and hold harmless Delta from and against the claim of the plaintiff as alleged in the First Amended Complaint.

WHEREFORE, Delta demands judgment in its favor and against Globeground for indemnification, including its attorneys' fees and costs of defending this action, the amount of any settlement and/or judgment which may be entered into or against Delta, and Delta's attorneys' fees and costs in prosecuting its Cross-Claim against Globeground.

## Count II
### Implied Indemnity

9.    Delta restates and incorporates herein by reference the allegations contained in paragraphs 1 through 8 of its Cross-Claim against Globeground.

10.    If the plaintiff was injured as alleged, and Delta is found liable to the plaintiff, such liability will have been proximately caused by the negligent acts and/or omissions of Globeground, its agents, servants and/or employees, and not by any negligence or wilful misconduct on the part of Delta.

WHEREFORE, Delta demands judgment in its favor and against Globeground for indemnification, including its attorneys' fees and costs of defending this action, the amount of any settlement and/or judgment which may be entered into by or against Delta, and Delta's attorneys' fees and costs in prosecuting its Cross-Claim against Globeground.

## Count III
### Contribution

11.    Delta restates and incorporates herein by reference the allegations contained in paragraphs 1 through 8 of its Cross-Claim against Globeground.

12.    If any negligence on the part of Delta proximately caused the injuries and damages alleged by plaintiff, which Delta expressly denies, then the negligence of Globeground in

failing to exercise due care in the provision of wheelchair services to the plaintiff was a concurrent, proximate cause of the same.

WHEREFORE, Delta demands judgment in its favor and against Globeground for contribution, including its attorneys' fees and costs of defending this action, the amount of any judgment which may be entered against Delta, and Delta's attorneys' fees and costs in prosecuting its Cross-Claim against Globeground.

### Count IV
Chapter 93A

13.    Delta restates and incorporates herein by reference the allegations contained in paragraphs 1 through 8 of its Cross-Claim against Globeground.

14.    Delta has notified Globeground of Plaintiffs' claims and has repeatedly requested that Globeground assume Delta's defense and agree to hold Delta harmless and indemnify it as to the claims of the Plaintiffs in this case.  Globeground has refused to do so.

15.    Both Delta and Globeground are engage in business as contemplated by M.G.L. c. 93A §11.

16.    Globeground's refusal to adhere to the terms of its contract with Delta in this matter is an is both knowing and willful and is an unfair and deceptive practice.

WHEREFORE, Delta demands judgment in its favor and against Globeground under c. 93A §11 in the amount of Delta's actual damages plus a multiple of those damages up to three, but not less than two, times such amount including its attorneys' fees and costs of defending this action from the time of first demand upon Globeground to defend and hold Delta harmless.

## JURY CLAIM

Delta hereby claims a trial by jury as to all matters in this action so triable.

Delta Airlines, Inc.
By its attorneys,

/S/ Peter J. Black
Peter J. Black, BBO No. 044407
MEEHAN, BOYLE BLACK & FITZGERALD, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108-1922
(617) 523-8300

## CERTIFICATE OF SERVICE

I, Peter J. Black, hereby certify that on April 30, 2004, I gave notice of Delta Airlines, Inc.'s Answer to Plaintiffs' Complaint, Cross-claim Against Globeground North America, LLC and Jury Claim, by mailing an exact copy thereof, postage prepaid to all counsel of record: Camille F. Sarrouf, Esq., Sarrouf Tarricone & Flemming, 95 Commercial Wharf, Boston, MA 02110 and Maynard M. Kirpalani, Esq., Wilson Elser Moskowitz Edelman & Dicker,LLP 5th Floor, 155 Federal, Boston, MA 02110.

/S/ Peter J. Black

Peter J. Black